# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PREFERRED UNLIMITED INC. and HUNTING FOX ASSOCIATES I, L.P., | : | |
| Plaintiffs | : | CIVIL ACTION NO. 08-4693 |
| v. | : | |
| THYSSENKRUPP BUDD COMPANY, | : | |
| Defendant. | : | |

# ORDER

AND NOW THIS _____ day of _____, 2008, it is hereby ORDERED that Defendant Thyssenkrupp Budd Company's Motion For Leave To Deposit Payments into Court is DENIED and Defendant Thyssenkrupp Budd Company is ORDERED to pay to Plaintiffs Preferred Unlimited Inc. and Hunting Fox Associates I, L.P. the $741,634.71 it sought leave to deposit with the Court.

**BY THE COURT,**

_____
John P. Fullam, U.S.D.J.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PREFERRED UNLIMITED INC. and<br>HUNTING FOX ASSOCIATES I, L.P., | : | |
| Plaintiffs | : | CIVIL ACTION NO. 08-4693 |
| v. | : | |
| THYSSENKRUPP BUDD COMPANY, | : | |
| Defendant. | : | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO DEPOSIT PAYMENTS INTO COURT

The purpose of Rule 67 is to relieve the depositor of responsibility for a fund in dispute, while the parties litigate their differences with respect to the fund. Rule 67 of the Federal Rules of Civil Procedure does not allow parties to deposit undisputed funds with the Court. Defendant Thysssenkrupp Budd Company's ("Budd") Motion to For Leave to Deposit Payments into Court (the "Motion for Leave") seeks to delay the payment of insurance proceeds to Plaintiffs Preferred Unlimited Inc. and Hunting Fox Associates I, L.P. (collectively "Preferred") that Budd concedes are due and owing to Preferred. Such a request plainly violates Rule 67. Accordingly, the Motion for Leave should be denied and Budd should be Ordered to pay the insurance proceeds at issue to Preferred without further delay.

## I.     FACTUAL BACKGROUND

On September 29, 2008, Preferred filed a Complaint against Budd asserting claims for breach of contract, fraudulent misrepresentation, negligent misrepresentation, tortious interference with contractual relations, tortious interference with prospective business relations, unjust enrichment, and specific performance related to Budd's failure to abide by its promise to defend and Indemnify Preferred pursuant to the terms of a Limited Environmental

Indemnification ("LEI"). Under the LEI, Budd agreed to indemnify and reimburse Preferred for, *inter alia*, environmental remediation work performed by Preferred at a property Preferred purchased from Budd (the "Hunting Park Property"). Specifically, Budd agreed as follows:

> <u>PCB Cleanup Indemnity</u>. TK-Budd agrees to defend and indemnify [Plaintiffs] from and against losses, costs, or expenses, including but not limited to costs and expenses for investigation and remediation and reasonable attorneys fees and consultant costs (collectively "Losses") caused by the release of PCBs on, at, in or below the Hunting Park Property and for which TK-Budd has liability under applicable Environmental Laws (as that term is defined in the AIG Pollution Legal Liability Select Policy, a copy of which is attached hereto as Exhibit "A" (the "AIG Policy") ... [Underlining in original.]

(Compl. at ¶ 17.) Among the funds owed to Preferred by Budd are the insurance proceeds Budd seeks to deposit with the Court.

In the Motion for Leave, Budd concedes that it is obligated to defend and indemnify Preferred under the LEI. (Motion for Leave at ¶¶2, 4; Dkt. No. 4.) To facilitate its obligations thereunder, Budd also concedes that it has allowed Preferred to submit claims for indemnification and reimbursement directly to Budd's insurer – American International Group ("AIG"). (*Id.* at ¶ 4.) AIG then pays these claims by issuing "dual party" checks to Budd, which Budd endorses to Preferred. (*Id.* at ¶ 4.)

At the time Budd filed its Motion for Leave, Preferred had over $741,634.71 in claims pending with AIG and Budd had received a $741,634.71 payment from AIG. (*Id.* at ¶5.) Budd does not dispute that these funds are due and owing to Preferred, but it did not disclose its receipt of these funds to Preferred until the filing of its present motion. Budd refuses to pay these undisputed insurance proceeds to Preferred, seeking instead to delay payment by depositing the funds with the Court.

2

## II. LEGAL ARGUMENT

### A. Rule 67 Does Not Apply Where The Funds Sought To Be Deposited With The Court Are Not In Dispute

Rule 67 of the Federal Rules of Civil Procedure has no applicability where, as here, the funds sought to be deposited with the Court are not in dispute. The purpose of Rule 67 is "to relieve the depositor of responsibility ***for a fund in dispute***, while the parties litigate their differences with respect to the fund." 13-67 Moore's Federal Practice - Civil § 67.02 (emphasis added); *See John v. Sotheby's. Inc.*, 141 F.R.D. 29, 34 (S.D.N.Y. 1992) (holding that the goal of Rule 67 is to provide a safe place for an asset and relieve a depositor of the burden of administering an asset. It is generally utilized when the title to the asset is in dispute, not when liability is being disputed); *see e.g.*, *AT&T Communs. of Cal. v. Pac-West Telecomm, Inc.*, 2007 U.S. Dist. LEXIS 31637 (N.D. Cal. Apr. 13, 2007) (granting motion to deposit sums under Rule 67 where "the parties genuinely dispute whether AT&T is required to pay the sums in dispute to Pac-West").

Here, there is no dispute that Budd is obligated to indemnify Preferred under the LEI, that Budd has allowed Preferred to submit claims for indemnification and reimbursement directly to Budd's insurer – AIG, and that any payments Budd receives from AIG are owed directly to Preferred. Accordingly, Rule 67 has no applicability to the $741,634.71 Budd received from AIG. These funds are admittedly due and owing to Preferred and should be endorsed over to Preferred forthrightly without further delay.

## III. CONCLUSION

For each of the foregoing reasons, Preferred respectfully requests that this Honorable Court deny Budd's Motion for Leave to Deposit Payments Into Court and Order Budd to pay Preferred the $741,634.71 owed to Preferred by Budd under the LEI.

**DUANE MORRIS LLP**


By: s/ Jeffrey S. Pollack
    Matthew A. Taylor (#62098)
    Anthony L. Gallia (#86029)
    Jeffrey S. Pollack (#91888)
    30 South 17th Street
    Philadelphia, PA 19103
    Telephone: 215-979-1000
    Telecopy: 215-979-1020

# CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of October 2008, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.1.2.

s/ Jeffrey S. Pollack
Jeffery S. Pollack

DM2\1606757.1